UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 06-60116-aer13 |
| DAROLD IVAN CARLIN, ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| Debtor. ) | |

This matter comes before the court on the Chapter 13 Trustee's (Trustee) and United States Trustee's (UST) objections to confirmation of the Debtor's Chapter 13 plan dated February 6, 2006. After briefing and oral argument, the matter was submitted to the court.

**Facts:**

The relevant facts are undisputed:

Debtor filed his Chapter 13 petition on February 3, 2006. His Current Monthly Income ("CMI")[1] exceeds the applicable Oregon Median Income, as reported on his Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official Form

---

[1] "CMI" is defined in 11 U.S.C. 101(10A), and *in general* is the Debtor's average monthly income received during the 6 month period ending the month before he or she files his bankruptcy petition. It is an "historical" average, rather than a "future" projection.

MEMORANDUM OPINION-1

B22C ("SCMI"). The monthly disposable income as reported on Debtor's SCMI is $438.64.

Debtor owns one vehicle, a 1996 Cadillac, which is unencumbered. Debtor does not lease any vehicles. On line 28 of the SCMI, Debtor claimed a vehicle ownership expense of $475. On line 27 of the SCMI, Debtor claimed a vehicle operating expense of $305. Debtor is entitled to an additional $200 operating expense because his car is over six years old.[2]

**Question Presented.**

In calculating "disposable income" for purposes of 11 U.S.C. § 1325(b)(2) & (3),[3] is a debtor entitled to deduct a vehicle ownership expense if the debtor owns the vehicle free and clear of any liens?

**Discussion:**

This case was filed after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).[4] The issue at bar addresses application of the disposable income test in Chapter 13 post-BAPCPA.

Pursuant to § 1325(b)(1)(B), the Court may not confirm a Chapter 13 plan proposing less than full payment, if an unsecured creditor or the chapter 13 trustee objects, unless the plan provides that all of the

---

[2] Under the Internal Revenue Service's (IRS) Transportation Standards, in situations where there is no loan or lease payment obligation on a vehicle that is over six years old and/or has reported mileage of 75,000 or more miles, an additional operating expense of $200 is allowable. Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 8, § 5.8.5.5.2(3) (09-01-2005).

[3] Unless otherwise noted, all subsequent statutory references are to Title 11, United States Code.

[4] Pub.L. No. 109-8, 119 Stat. 23 (2005).

MEMORANDUM OPINION-2

debtor's projected "*disposable income*" is paid to unsecured creditors over the "*applicable commitment period.*"[5] For purposes of calculating *disposable income*, if a debtor's CMI (times 12) is above the median income[6] for the state in which he or she files, as here, the debtor's expenses are those allowed under §§ 707(b)(2)(A) and (B).[7] §§ 1325(b)(2) & (3).[8] Section 707(b)(2)(A)(ii)(I) incorporates expenses allowed under IRS collection standards.

The IRS Local Standards include a transportation expense, which the IRS has divided into two categories: ownership costs and operating costs. The IRS has issued guidelines for applying its collection

---

[5] For Chapter 13 debtors who have CMI (times 12), which is above the applicable median income for the state in which they file, as here, the "applicable commitment period" is 5 years. §1325(b)(4)(A)(ii).

[6] See, § 101(39A) for the definition of "median family income."

[7] These are the expenses allowed under the so-called Chapter 7 "means test" for determining whether the presumption of abuse arises.

[8] Section 1325(b)(2) provides in pertinent part:

> For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor ... less amounts reasonably necessary to be expended--
>
> A)(i) for the maintenance or support of the debtor or a dependent of the debtor....

Section 1325(b)(3) provides in pertinent part:

> Amounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than--
>
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner....

MEMORANDUM OPINION-3

financial standards, including the Local Standards. According to IRS publications that discuss how the transportation expense is to be applied, the "ownership cost" is only applicable to debtors who actually have a monthly loan or lease payment obligation associated with a vehicle. The IRS Collection Financial Standards, which include the transportation Local Standards, specifically state: "*[i]f a taxpayer has a car payment*, the allowable ownership cost added to the allowable operating cost equals the allowable transportation expense," but, "*[i]f a taxpayer has no car payment or no car, only the operating costs portion of the transportation standard is used to come up with the allowable transportation expense.*" Internal Revenue Service, Collection Financial Standards.[9](emphasis added). See also, Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 15, § 5.15.1.7(4)(b) (05-1-2004) (repeating practically identical language). In addition, Chapter 8 of the Financial Analysis Handbook provides that the ownership expense is allowed only for the "purchase and/or lease of a vehicle." Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 8, § 5.8.5.5.2(3) (09-01-2005).

Based on the above IRS standards, it would appear Debtor may not claim the operating expense because he owns the car free and clear. Debtor argues, however, that the statute's plain meaning dictates otherwise. Trustee and UST maintain that the plain language prohibits the expense to debtors who own vehicles free and clear.

//////

---

[9] The IRS Collection Financial Standards may be found online at: www.irs.gov/individuals/article/0,,id=96543,00.html

MEMORANDUM OPINION-4

In interpreting §707(b)(2)(A)(ii)(I), the starting point is the statute's text. Miller v. U.S., 363 F.3d 999, 1008 (9th Cir. 2004). The Supreme Court has consistently admonished that where the text is plain, the court is to apply it as written, unless its application would lead to absurd results. See e.g., Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004). The court must aspire to give meaning to a statute's every word. Miller, supra; Commissioner of Internal Revenue v. Ewing, 439 F.3d 1009, 1014 (9th Cir. 2006) ("a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."(internal citations and quotations omitted)).

Section 707(b)(2)(A)(ii)(I), provides in pertinent part that a debtor's "monthly expenses *shall* be the debtor's *applicable* monthly expense *amounts specified* under the . . . Local Standards . . . issued by the Internal Revenue Service . . . ." (emphasis added). Debtor contends that the term "shall" is a command to use the "amounts specified" under the IRS standards, and, as such, denotes that the plain language allows the vehicle operating expense even if the debtor is not making payments on either a lease or secured debt relating to the vehicle. Trustee and UST argue that the statutory command is modified by the term "applicable," which limits the allowable expenses only to those which apply to Debtor under the IRS standards.

Two of the courts to have addressed this issue, In re Hardacre, 338 B.R. 718, 725 (Bankr. N.D. Tex. 2006) and In re McGuire, 342 B.R. 608 (Bankr. W.D. Mo. 2006) have sided with Trustee and UST. This court agrees with the Hardacre and McGuire courts and concludes that the

MEMORANDUM OPINION-5

statute plainly and unambiguously does not allow the vehicle operating expense at issue to "free and clear" owners.[10]

As explained by the McGuire court:

> [T]he statute provides that a "debtor's monthly expenses shall be the debtor's applicable monthly expense amounts" under the Standards. If a debtor does not own or lease a vehicle, the ownership expense is not "applicable" to that debtor. Thus, if a debtor is not incurring expenses for the purchase or lease of a vehicle, the debtor cannot claim a vehicle ownership expense under the IRS Standards. This conforms with the IRS's application of the Standards.

Id. at 613.

Applying the statute as written does not lead to absurd results. See, In re Barr, 341 B.R. 181, 185 (Bankr. M.D. N.C. 2006) (applying § 1325(b)(3) as written is not absurd). There is nothing absurd in Congress drawing the line for vehicle ownership expense eligibility at those debtors who are making payments on the vehicle. Numerous safeguards are in place to protect both debtors and creditors. Debtors who own old or high mileage cars "free and clear," are entitled to an extra $200 per month operating expense. See f.n. #2, *infra*. Also, a "free and clear" owner is not "stuck" with the vehicle operating expenses allowed under the IRS Standards. Section 707(b)(2)*(B)* is also available for "above the median" Chapter 13 debtors. § 1325(b)(2) & (3). Section 707(b)(2)(*B*), allows additional expenses based on "special circumstances." See, In Re Renicker, 342 B.R. 304 (Bankr. W.D. Mo. 2006)

//////

//////

---

[10] The court need not attempt to divine legislative intent in a case where, as here, the language of the statute is clear. Miller, supra at 1009.

MEMORANDUM OPINION-6

(recognizing § 707(b)(2)(B) as applicable in Chapter 13 disposable income analysis).[11]

Based on the above, confirmation of the debtor's plan will be denied, unless within 15 days of entry of this opinion, Debtor agrees to an amendment to be incorporated in the confirmation order providing for plan payments to continue until $42,818.40[12] is paid to unsecured creditors.[13]

---

[11] Further, while not at issue in the case at bar, there is an emerging line of authority that the "disposable income" calculation under the means test is not dispositive of the amount necessary to dedicate towards a Chapter 13 plan. The text of § 1325(b)(1)(B) requires a dedication of *projected* disposable income. Thus, under this line of authority, the means test bottom line may be adjusted downward (or sometimes upward) based on actual anticipated income and expenses, to determine "projected" disposable income. In re Jass, 340 B.R. 411 (Bankr. D.Ut. 2006) (holding that Form B22C is a starting point in determining projected disposable income, which any party can rebut with evidence of actual numbers, including Schedules I and J); In re Kibbe, 342 B.R. 411 (Bankr.D.N.H. 2006); In re Grady, 343 B.R. 747,(Bankr. N.D.Ga. 2006). But see, In Re Alexander, 344 B.R. 742, (Bankr. E.D. N.C., 2006) ("projected disposable income" means "disposable income"). Presumably, an above-the-median debtor would also not be stuck with the means test numbers in proposing a modified plan under § 1329, Grady, supra, which, for example, proposed to replace a non-operating vehicle owned free and clear, by leasing or borrowing funds to acquire a functioning one.

[12] Excluding the vehicle ownership expense and adding an additional $200 to the vehicle operating expense renders "disposable income" of $713.64/mo. Because none of the parties have argued an adjustment to this figure is appropriate under the Jass rationale, the court will use this figure as "projected disposable income" for purposes of § 1325(b)(1)(B). As noted above, "the applicable commitment period" is 5 years (60 months). The court is aware that an issue exists as to whether the "applicable commitment period" is a "multiplier" or a temporal requirement. See e.g., In Re Renicker, 342 B.R. 304, 306, n.1 (Bankr. W.D.Mo. 2006) (recognizing but not deciding the issue); McGuire, supra at 615 (temporal requirement). Here, the parties have elected to treat it as a "multiplier" and thus the court will not address the issue. Multiplying $713.64 times 60 months produces $42,818.40.

[13] Debtor has currently proposed to fund his plan with $900/mo. payments. Under Trustee's calculations, $42,818.40 will be paid out to "unsecured creditors" in approximately 56 months. Under Trustee's position, it does not appear that "unsecured creditors" under § 1325(b)(1)(B), include either the
(continued...)

MEMORANDUM OPINION-7

This opinion constitutes the court's findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated.

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

---

[13](...continued)
commissions owed to the Chapter 13 Trustee or the unpaid fees owed to Debtor's counsel ($2,500 per the plan), that is, these amounts must be paid in addition to the $42,818.40. Again, there may be an issue as to whether Trustee's position is valid. See, e.g. In re Wilbur, 344 B.R. 650,(Bankr. D.Ut. 2006) (discussing issue and concluding "unsecured creditors" in § 1325(b)(1)(b), means only general, non-priority unsecured creditors). Here, again, no party has raised this issue.

MEMORANDUM OPINION-8